UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EARL BRADLEY BOOKER, | Case No. 1:04-cr-226 |
| Petitioner, | HONORABLE PAUL MALONEY |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

# OPINION and ORDER

## Denying the Petition for a Writ of Habeas Corpus:
Dismissing the Selective-Prosecution Claim as Procedurally Defaulted;
Dismissing the Jurisdictional Claim as Procedurally Defaulted and Meritless;

Dismissing the Ineffective-Assistance of Counsel Claim for Lack of Merit;

Dismissing the Stolen-Firearm Enhancement *Mens Rea* Claim as Procedurally Barred;
Dismissing the Stolen-Firearm Enhancement *Booker/Apprendi* Claim as Meritless

**Declining to Issue a Certificate of Appealability;
Terminating and Closing the Case**

One night in July 2004, driving his father's car, Booker picked up his friend Webb and Webb's girlfriend Hoye, and accompanied them first to a party in Moline, Michigan and then to a local bar. Booker and his two companions drove away from the bar in the early morning hours, attracting the attention of a police officer when the car stopped at a red light and Webb opened a door and vomited in the street. *See US v. Booker*, 2007 WL 2492427, *1 (6th Cir. Sept. 5, 2007) (not in F. App'x or F.3d) (Gibbons, Jeffrey Sutton, S.D. Ohio Chief D.J. Sandra Beckwith). Officer

Timothy Pols turned on his overhead lights and followed Booker's car into a nearby parking lot, whereupon Webb asked Booker, "Do you know where the gun is at?" and Booker tossed the handgun onto the floor of the back seat. *Booker*, 2007 WL 2492427 at *1. When the officer approached Booker's car, he saw a silver revolver on the car floor near Webb and beer cans scattered across the rear seats, so he drew his gun, went back to his car, and radioed for backup. *Id.*

Webb returned the gun to Booker, who put it in the glove compartment, locked the compartment, and threw the keys into the back seat. *Booker*, 2007 WL 2492427 at *1. The officer returned to the car and ordered Booker, Webb and Hoye to get out of the car, put their hands on the car's roof, and submit to being handcuffed, which all three did. *Id.* When the officer searched the car, he found the handgun and some "crack" (as opposed to powder) cocaine in the locked glove compartment. *Booker*, 2007 WL 2492427 at *1. A federal grand jury indicted Booker for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and for possession of crack cocaine in violation of 21 U.S.C. § 844(a). A jury convicted Booker of being a felon in possession of a firearm but acquitted him on the drug possession charge, leading the district court to calculate a guidelines recommendation of 77-96 months imprisonment. Rejecting Booker's motion for a downward departure, the district court sentenced him to 88 months, citing the fact that he had 14 convictions in 7 years, *id.* – including a fairly recent conviction for felon in possession of a firearm, *for which he was still on supervised release when he committed the instant offense.*

Booker appealed his conviction and sentence to the Sixth Circuit, which affirmed on both grounds in September 2007. As to Booker's conviction, the Circuit held that the evidence was sufficient to support the felon-in-possession conviction, *see Booker*, 2007 WL 2492427 at *1-2; rejected Booker's contention that the jury *venire* violated his Sixth Amendment right to a fair trial

and the federal jury selection statute by failing to present a fair cross-section of the population (i.e., that the jury *venire* contained too few blacks and Hispanics), *id.* at *2-3; and held that the district court did not err in denying Booker's "fleeting possession" instruction or in instructing the jury regarding his prior felony conviction, *id.* at *3-4. As to Booker's sentence, the Circuit held that the district court did not err in imposing a U.S.S.G. § 2K2.1(b)(4) enhancement for possession of a stolen weapon; did not render a procedurally or substantively unreasonable sentence; and did not violate the prohibition on *ex post facto* punishment by treating the Guidelines as advisory (when he committed his crime before the *US v. Booker* decision that made clear that Guidelines sentencing recommendations are not binding), *id.* at *5.

Booker filed a 28 U.S.C. § 2255 motion to vacate his sentence in December 2008, and the government filed an opposition brief in February 2009. In April 2009, Booker filed a reply brief and the government filed a sur-reply brief. *See* Docs. 62 & 63, 68, 72 and 74.

Booker essentially contends that (1) federal authorities selectively prosecuted him under the Project Safe Neighborhood program, (2) the State of Michigan, not the federal government, has exclusive jurisdiction over the conduct constituting the felon-in-possession of a firearm offense, (3) his trial counsel rendered constitutionally ineffective assistance by failing to raise these selective-prosecution and exclusive-jurisdiction arguments; (4) the trial court violated his Sixth Amendment right to a jury trial by enhancing his sentence under U.S.S.G. § 2K2.1(b)(4) for possession of a stolen gun rather than submitting this factual issue to the jury; and (5) the trial court violated the prohibition on *ex post facto* punishment by applying the guidelines as advisory even though he committed this crime before the U.S. Supreme Court issued *US v. Booker*, 543 U.S. 220 (2005). All of these claims are procedurally defaulted except the ineffective-assistance and jurisdictional claims,

which lack merit.

**DISCUSSION: Booker Procedurally Defaulted His Selective-Prosecution Claim**

Booker's first claim is that he was selectively chosen for federal prosecution under the Project Safe Neighborhood program because of his race, and he characterizes the program as more broadly racially discriminatory as well. But Booker did not raise this claim before the Sixth Circuit in his direct appeal even though he could have, so it is procedurally defaulted. It is well settled that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. US*, 334 F.3d 520, 528 (6th Cir.) (citing *US v. Frady*, 456 U.S. 152, 167-68 (1982)), *cert. denied*, 540 U.S. 1024 (2003). *See also Chapman v. US*, 247 F.2d 879, 880-81 (6th Cir. 1957) (defendant should have raised issue of alleged invalidity of *nolo contendere* plea on direct appeal and thus was barred from raising it in motion to vacate sentence under 28 U.S.C. § 2255) ("Neither habeas corpus nor a proceeding under Section 2255, Title 28 U.S. Code, can be used as a substitute for an appeal.") (citing, *inter alia*, *In re Eckart*, 166 U.S. 481 (1897) and *Moore v. Shuttleworth*, 180 F.2d 889 (6th Cir. 1950) (p.c.) (C.J. Hicks, Simons, Allen)).[1]

Before a defendant will be allowed to raise an issue on collateral review which he failed to raise on direct appeal, he must show either that (1) he had good cause for failing to raise the issue on direct appeal and would suffer prejudice if unable to proceed or (2) he is actually innocent. *Regalado*, 334 F.3d at 528 (citing *Bousley v. US*, 526 U.S. 614, 622 (1998) and *Ratliff v. US*, 999 F.2d 1023, 1025 (6th Cir. 1993)).

---

[1] *See also Coleman v. US*, 2009 WL 1393323, *1 (E.D. Tenn. May 18, 2009) (Richard Alan Edgar, J.) (citing, *inter alia*, *Grant v. US*, 72 F.3d 503, 506 (6th Cir. 1996));

*Conley v. US*, 2008 WL 324258, *2 (W.D. Mich. Feb. 5, 2008) (Quist, J.) (citing, *inter alia*, *Hunter v. US*, 160 F.3d 1109, 1114 (6th Cir. 1998)).

The first exception to the procedural default rule does not apply here. To show good cause for failing to raise the issue on direct appeal, Booker must show that "some objective factor external to the defense" excused or was responsible for that failure. *See Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)), *reh'g & reh'g en banc denied* (6th Cir. Dec. 16, 2008). Booker has not alleged, let alone *shown*, the existence or occurrence of such an external factor. Moreover, Booker has not shown that application of the procedural default rule against his selective-prosecution claim would prejudice him, because the claim lacks merit on this record. Because the selective-prosecution claim is procedurally defaulted, the court will not discuss its merits at length (*see* Booker's Motion at 3-12, Gov's Opp at 4-6, Gov's Sur-Reply at 1-2). The court notes only concurrence with the Honorable Gordon J. Quist's well-reasoned rejection of a similar challenge to Project Safe Neighborhood in *Carroll v. United States*, 2006 WL 1459838 (W.D. Mich. May 24, 2006).[2]

---

[2]

In *Carroll*, Judge Quist wrote:

> The Project Safe Neighborhoods program is a national initiative developed by the United States Department of Justice that aims to reduce gun violence. Under the program, a defendant charged with a firearms-related offense may be tried in state court, may be given an opportunity to plead guilty in state court, or may be referred for federal prosecution. [citing website] Petitioner claims that this program discriminates against African-Americans and that he was prosecuted in federal court, rather than state court, because he is African-American.
>
> Generally, federal prosecutors are given broad discretion in deciding whom to prosecute. *United States v. Armstrong*, 517 U.S. 456, 464 . . . (1996). However, under the equal protection component of the Due Process Clause of the Fifth Amendment [sic], the decision may not be based on an arbitrary classification such as race. *Id.* There is a presumption that the prosecutor has not violated equal protection, and to dispel this presumption, a criminal defendant must present "clear evidence to the contrary." *Id.* at 465 . . . .
>
> For a selective prosecution claim, Petitioner must demonstrate (1) that the

The second exception to the procedural default rule is not available to Booker here either,

---

> prosecutorial policy had a discriminatory effect, and (2) that it was motivated by a discriminatory purpose, or discriminatory intent. *Id.* at 465 . . . ; *United States v. Jones*, 399 F.3d 640, 644-45 (6th Cir. 2005). To show discriminatory intent in a race case, Petitioner "must show that the prosecutorial policy was motivated by racial animus." *Jones*, 399 f.3d at 645; *see also McClesky v. Kemp*, 481 U.S. 279, 293-93 . . . (1987) (Petitioner must produce some evidence specific to his own case that supports an inference that race played a part in the decision to prosecute him.).
>
> Furthermore, even to be granted additional discovery [o]n a selective prosecution claim, Petitioner must produce some evidence that similarly situated defendants of other races could have been prosecuted, but were not. *Armstrong*, 517 U.S. at 470-71 . . . ;*United States v. Henderson*, . . . 2006 WL 890688 (6th Cir. Mar. 30, 2006) (unpublished opinion) (affirming conviction for felon in possession of a firearm where there was "no record evidence that would tend to show either discriminatory intent or effect on the part of the government's prosecution" and there was "no evidence regarding [Project Safe Neighborhoods], much less any evidence tending to point to the program's discriminatory administration – either in general or in regard to Henderson specifically"); *United States v. Wallace*, 389 F. Supp.2d 799, 803 (E.D. Mich. 2005) (discovery denied and selective prosecution claim dismissed where defendant failed to produce any evidence that non-African-Americans charged with drug and firearms offenses were known to federal authorities but were not referred for federal prosecution under the Project Safe Neighborhoods program).

*Carroll*, 2006 WL 1459838 at *2-3 (some paragraph breaks added). *See also*, denying requests for discovery in support of claims that the PSN program is racially discriminatory or was so applied:

*US v. Thorpe*, 2007 WL 4239201, *1-2 (E.D. Mich. Dec. 3, 2007) (Denise Page Hood, J.) (denying motion to dismiss indictment due to allegedly racist nature of PSN program);

*Hubbard v. US*, 2006 WL 1374047, *1 and *4 (E.D. Mich. May 17, 2006) (Arthur Tarnow, J.) (referring to "the extremely burdensome test for proving selective prosecution claims" and reasoning that "As to discriminatory effects, Petitioner has submitted evidence of one white defendant who remained in state court. However, [he] has not alleged or shown that the white defendant was otherwise similarly situated. Also, [he] has failed to address the fact that white defendants have been brought to federal court [in Michigan] on gun charges. Most importantly, [he] has not produced any evidence of discriminatory intent. * * * Petitioner was arrested during a traffic stop, and was not singled out as part of either a federal or state investigation.");

*US v. Wallace*, 389 F. Supp.2d 799 (E.D. Mich. 2005) (Rosen, J.)

*Accord Buford v. US*, 2006 WL 3375375, *7-8 (E.D. Tenn. Nov. 21, 2006) (Collier, C.J.).

because he has not alleged, let alone *shown*, that he was actually innocent of being a felon in possession of a firearm.

**DISCUSSION: Booker's Jurisdictional Argument Lacks Merit**

Second, the court rejects Booker's specious contention (Motion at 12-26) that the State of Michigan has exclusive jurisdiction over the conduct constituting the felon-in-possession of a firearm offense under the circumstances. Title 18 U.S.C. § 3231 provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States." The federal government had the authority to prosecute Booker for this crime, and the U.S. District Court for the Western District of Michigan had clear statutory jurisdiction to entertain such a criminal action. *See US v. Alford*, 2008 WL 299060, *7 (S.D. Ohio Feb. 1, 2008) (Walter Herbert Rice, J.) ("This statute, whose predecessors have been part of the statutory law of the United States since the Judiciary Act of 1789, provides which courts have subject matter jurisdiction over violations of federal law. * * * The statute itself proves that only a federal district court – and never a state or municipal or territorial court – has authority to try violations of federal law."); *Moore v. US*, 2007 WL 1747130, *2 (N.D. Ohio June 15, 2007) (David Dowd, J.) ("'Subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. Section 3231, and there can be doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of jurisdictional inquiry.'") (quoting *US v. Titterington*, 374 F.3d 453, 459 (6th Cir. 2004)); *Buford v. US*, 2006 WL 3375375, *7-8 (E.D. Tenn. Nov. 21, 2006) (Curtis Collier, C.J.) (same) (citation to

7th Cir. omitted).[3]

**DISCUSSION: Booker's Ineffective Assistance of Counsel Claim Lacks Merit**

Third, the court rejects Booker's contention (Motion at 26-29) that his trial counsel rendered constitutionally ineffective assistance by failing to raise the defaulted, inadequately supported selective-prosecution argument and the meritless exclusive-jurisdiction arguments.[4] To prevail on

---

[3]

*Cf. Perkins v. US*, 2008 WL 5055013 (N.D. Ohio Nov. 20, 2008) (Limbert, M.J.):

[T]o the extent that Petitioner is arguing that this court lacks jurisdiction over his crime because it occurred on private property in Ohio rather than on federal territory, this argument should fail. In *United States v. Russell*, 30 Fed. Appx. 348, 351 (6th Cir. 2002), the Sixth Circuit Court of Appeals found this argument to be "patently meritless.' *Id.* The Sixth Circuit held that "(1) under 18 U.S.C. § 3231 the federal courts have the exclusive jurisdiction over offenses against the laws of the United States and do not require the permission of the states as a prerequisite to the exercise of such jurisdiction, and (2) 'Article I, Section 8 of the United States Constitution grants Congress the power to create, define, and punish crimes irrespective of where they are committed.'" *Smith v. U.S.*, . . . 2007 WL 160996 at *6, citing and quoting *Russell*, 30 Fed. Appx. at 351-352 (citing *U.S. v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994); *U.S. v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992); and *U.S. v. Allen*, 954 F.2d 1160, 1165-66 (6th Cir. 1992)).

*Id.* at *9.

[4]

Unlike other types of federal habeas claims, ineffective-assistance of counsel claims may be entertained by a federal habeas court even if they were not asserted on direct appeal. Indeed, "as a general rule", our Court of Appeals "will not review claims of ineffective assistance of counsel for the first time on direct appeal unless the record is sufficiently developed", and such a claim "is more appropriately raised through a post-conviction motion brought pursuant to 28 U.S.C. § 2255." *US v. Campbell*, 549 F.3d 364, 376-77 (6th Cir. 2008) (Richard Allen Griffin, J.) (citing *US v. Stuart*, 507 F.3d 391, 394 (6th Cir. 2007)); *see also US v. Johnson*, 553 F.3d 990, 999 (6th Cir. 2009) ("An ineffective assistance of counsel claim is generally not considered on direct appeal because the record of trial counsel's deficient performance is not fully developed.") (citing, *inter alia*, *US v. DeJohn*, 368 F.3d 533, 548 (6th Cir. 2004)).

Accordingly, a federal convict's failure to raise an ineffective-assistance claim on direct appeal to a federal court of appeals does not waive or procedurally default the claim. *See Eason v. US*, 2008 WL 4777480, *2 (W.D. Mich. Oct. 30, 2008) (Bell, J.) (citing *Massaro v. US*, 538 U.S.

an ineffective-assistance of counsel claim, a habeas petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) he was prejudiced, i.e., there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different, *see Javaherpour v. US*, – F. App'x –, –, 2009 WL 484595, *2 (6th Cir. Feb. 26, 2009) (McKeague, Griffin, S.D. Ohio D.J. Weber) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1994)), i.e., that the jury would have acquitted Booker of the felon-in-possession charge. "As for prejudice under Sixth Amendment standards, the court focuses on whether 'counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair . . . .'" *McMurtry v. Berghuis*, 2009 WL 929012, *29 (W.D. Mich. Apr. 23, 2009) (Maloney, C.J.) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)).

As the Supreme Court has cautioned, "'judicial scrutiny of counsel's performance must be highly deferential . . . . Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Johnson v. Hall*, 290 F. App'x 848, 852 (6th Cir. 2008) (Cole, Griffin, .S.D Ohio D.J. Edmund Sargus) (quoting *Strickland*, 466 U.S. at 689). Booker has not come close to overcoming this strong presumption that his federal trial counsel acted reasonably in "failing" to raise the selective-prosecution and jurisdictional issues: as noted above, the selective-prosecution claim is procedurally defaulted and likely lacks merit, and the jurisdictional argument is specious.

This assessment of the two claims which trial counsel "failed" to raise also means that Booker cannot show the requisite prejudice from the alleged deficient performance. In other words, even if Booker's trial counsel had raised these two arguments before the federal district judge who

---

500, 504 (2003)).

presided over his trial and sentenced him, there is no reason to believe that the district judge would not have allowed the charge to go to trial or that the jury would not still have convicted him. Because "[n]o prejudice flows from the failure to raise a meritless claim," *Mahdi v. Bagley*, 522 F.3d 631, 638 (6th Cir. 2008), *reh'g & reh'g en banc denied* (6th Cir. Oct. 5, 2008), *cert. denied*, – U.S. –, 129 S.Ct. 1986 (2009), "the failure to raise a frivolous [or meritless] argument cannot violate the *Strickland* standards nor cause prejudice warranting relief", *US v. Ealy*, 2007 WL 2904028, *1 n.2 (W.D. Mich. Oct. 1, 2007) (Enslen, J.) (also noting that an attorney has an ethical duty, under MICH. R. PROF. CONDUCT 3.1, *not* to raise frivolous arguments). *See, e.g., Williams v. Bagley*, 380 F.3d 932 (6th Cir. 2004) (habeas petitioner's appellate counsel was not deficient for failing to raise procedurally-defaulted claims on direct appeal; "we have reviewed the substance of Williams's procedurally defaulted claims and have determined that each of them lacks merit. Thus, he suffered no prejudice from his appellate counsel's performance."), *cert. denied*, 544 U.S. 1003 (2005).[5]

**DISCUSSION: The Challenge to the Stolen-Gun Enhancement is Procedurally Barred**

Fourth, the court rejects Booker's theory that the trial court erred by enhancing his sentence under U.S.S.G. § 2K2.1(b)(4) for possession of a stolen gun when he did not know (and had no reason to know) that it was stolen (Motion at 29-37). Our Court of Appeals already squarely addressed and rejected Booker's challenge to this enhancement on its merits, stating as follows:

---

[5]

Moreover, even if the selective-prosecution claim had some arguable merit – contrary to Judge Quist's persuasive decision rejecting the same claim – this court would not automatically find as a result that trial counsel was deficient in failing to raise it. "It is well established that the 'Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim.'" *US v. Aleman-Ramos*, 2007 WL 1041160, *4 (W.D. Mich. Apr. 5, 2007) (Richard Alan Enslen, J.) (quoting *Engel v. Isaac*, 456 U.S. 107, 133-34 (1982)).

> He complains that the district court should not have enhanced his guidelines calculation for possessing a stolen weapon, *see* U.S.S.G. § 2K2.1(b)(4), because he never knew the gun was stolen. But because the guideline does not contain a *mens rea* requirement, as he acknowledges, *see* Br. at 38; *see also* U.S.S.G. § 2K2.1 cmt. n. 19 ("The enhancement under subsection (b)(4) for a stolen firearm . . . applies whether or not the defendant knew or had reason to believe that the firearm was stolen . . . ."), and because he acknowledges that the gun was in fact a stolen weapon, the district court did not err in applying the enhancement.

*Booker*, 2007 WL 2492427, *5 (6th Cir. Sept. 5, 2007). "It is . . . well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *US v. Jones*, 178 F.3d 790, 796 (6th Cir. 1999) (citing *Davis v. US*, 417 U.S. 333, 345 (1974) and *Oliver v. US*, 90 F.3d 177, 180 (6th Cir. 1996)).

Because Booker has not identified any relevant change in intervening law or other "highly exceptional circumstances", it is not for this court to reconsider claims or issues already decided by our Court of Appeals as to this very petitioner and this very sentence. *See, e.g., Holmes v. US*, 281 F. App'x 475, 480 (6th Cir. 2008) ("In his *pro se* supplemental brief, Holmes complains about the government's use of a peremptory challenge to exclude the only African-American member of the petit jury. * * * [T]his issue was already considered on appeal and the district court's denial of Holmes' *Batson* challenge was upheld. Holmes cannot 'relitigate' this issue.") (citing *DuPont v. US*, 76 F.3d 108, 110 (6th Cir. 1996)).

**DISCUSSION: Booker's *Apprendi / Booker* Challenge to the Enhancement Lacks Merit**

Fifth and last, the court rejects Booker's claim that the federal district court violated his Sixth Amendment to a jury trial by enhancing his sentence under U.S.S.G. § 2K2.1(b)(4) for possession of a stolen gun rather than submitting the corresponding factual question to a jury for determination

beyond a reasonable doubt. Our Court of Appeals "ha[s] held repeatedly that *Booker* and its precursor, *Apprendi v. New Jersey*, 530 U.S. 466 . . . (2000), did not eliminate judicial fact-finding during sentencing." *US v. Phillips*, 516 F.3d 479, 485 (6th Cir. 2008) (Richard Allen Griffin, J.). A federal sentencing court may itself decide factual questions required for a sentencing enhancement, and the standard of proof is a preponderance of the evidence. *See US v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005) ("this court and others have repeatedly held since *Booker* that district judges can find the facts necessary to calculate the appropriate Guidelines range using the same preponderance-of-the-evidence standard that governed prior to *Booker*."), *cert. denied*, 549 U.S. 821 (2006); *see, e.g., US v. Groenendal*, 557 F.3d 419, 424-25 (6th Cir. 2009) ("The district court increased Groenendal's offense level by four because it found that [alleged child-pornographic image] involved sadistic or masochistic conduct. * * * As a threshold matter, there is no factual dispute as to whether Groenendal possessed [image]. * * * Although Groenendal did not plead guilty to possession of [image], 'sentencing courts may still find facts using the preponderance-of-the-evidence standard.'") (quoting *US v. White*, 551 F.3d 381, 383 (6th Cir. 2008) (*en banc*) (quoting *US v. Mendez*, 498 F.3d 423, 426-27 (6th Cir. 2007))).

Indeed, our Circuit has held that the Sixth Amendment right to a jury trial was not violated by the fact that a *stolen-firearm enhancement* was predicated on a judicial finding, by a preponderance of the evidence, that a firearm possessed by the defendant was stolen. *See US v. Duckro*, 466 F.3d 438, 442 (6th Cir. 2006) (<u>Martin</u>, Moore, Rogers) (reversing and remanding on other grounds). *Accord US v. Young*, 2009 WL 1019994, *2 (3d Cir. Apr. 16, 2009) ("To apply the two-level Guidelines enhancement in § 2K2.1(b)(4), the District Court must determine, by a preponderance of the evidence, that the gun was stolen.") (citing *US v. Fisher*, 502 F.3d 293, 305,

307 (3d Cir. 2007) and *US v. Jones*, 159 F.3d 969, 980 (6th Cir. 1998)).

**NO CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c)(2), "'the court should grant a COA for an issue raised in a § 2254 [or § 2255] petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.'" *Wardlaw v. Howes*, 575 F. Supp.2d 820, 821 (W.D. Mich. 2008) (Maloney, C.J.) (quoting *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007), *cert. denied*, – U.S. –, 128 S.Ct. 1479, *cert. granted o.g.*, – U.S. –, 128 S.Ct. 2959 (2008)). To satisfy this standard, "the petitioner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues raised are 'adequate to deserve further review.'" *Wardlaw*, 575 F. Supp.2d at 821(quoting *Harbison*, 503 F.3d at 569 (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004)). *See also Butz v. Berghuis*, 2009 WL 33462, *6 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) and *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir.) (p.c.) (Siler, Cole, Cook) (citing *Banks*, 540 U.S. at 674), *cert. denied*, – U.S. –, 129 S.Ct. 1057 (2009)).

The U.S. Supreme Court disapproves of blanket denials of certificates of appealability. *Colwell v. McKee*, 2009 WL 125223, *3 (W.D. Mich. Jan. 16, 2009) (Maloney, C.J.) (citing *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001)). Rather, this court "must 'engage in a reasoned assessment of each claim' to determine whether a certificate is warranted." *Oatis v. Caruso*, 2009 WL 80347, *4 (W.D. Mich. Jan. 8, 2009) (Maloney, C.J.) (citing *Murphy*, 263 F.3d at 467).

The petitioner need not show, however, that he is likely to succeed on appeal. *See Wardlaw*, 575 F. Supp.2d at 821 (citing *Miller-El*, 537 U.S. at 337); *Workman v. Bell*, 484 F.3d 837, 842 n.3

(6th Cir. 2007) (distinguishing standard for stay pending appeal, which focuses on appellant's likelihood of success on the merits, from the COA standard, which requires a lesser showing), *reh'g & reh'g en banc denied* (6th Cir. May 7, 2007). "'[I]t is consistent with § 2253 that a certificate of appealability will issue in some instances where there is no certainty of ultimate relief.'" *Wardlaw*, 575 F. Supp.2d at 821 (quoting *Walker v. Carlton*, 114 F. App'x 687, 690 (6th Cir. 2004) (quoting *Miller-El*, 537 U.S. at 337)).

Nonetheless, petitioner Booker does not meet the standard for a COA, because other reasonable jurists would not find debateable or wrong the determinations that (1) his selective-prosecution claim is procedurally defaulted because he failed to raise it on direct appeal to the Sixth Circuit, (2) his contention that the State of Michigan had exclusive jurisdiction over the conduct which constituted the crime, not the federal government, lacks merit, (3) his ineffective-assistance claim lacks merit because he fails to establish prejudice from trial counsel's "failure" to raise the exclusive-jurisdiction and selective-prosecution arguments, (4) his claim that the stolen-gun enhancement was in error because he did not know that the gun was stolen, is procedurally barred because it was already raised and rejected on its merits by the Sixth Circuit on his direct appeal, and (5) his claim that the stolen-gun enhancement should have been decided by a jury lacks merit. Nor has Booker presented any issues adequate to deserve further review.

## ORDER

The defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [document # 62] is **DENIED**.

The court **DECLINES** to issue a certificate of appealability.[6][7]

This is a final order.

**IT IS SO ORDERED** on this  7th  day of July 2009.

/s/ Paul L. Maloney
Honorable  Paul L. Maloney
Chief United States District Judge

---

[6]

"Without a COA, a court lacks jurisdiction over a denial of habeas relief." *Willis v. Jones*, – F. App'x –, 2009 WL 1391429, *4 (6th Cir. May 15, 2009) (Daughtrey, Rogers, Kethledge) (citing 28 U.S.C. § 2253(c)(1)).  Moreover, a COA vests jurisdiction in the circuit court only as to the issues specified therein.  *Willis*, 2009 WL 1391429 at *4 (citing 28 U.S.C. § 2253(c)(1) and *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2003) (appeal from denial of § 2254 habeas petition) and *Dunham v. US*, 486 F.3d 931, 934-35 (6th Cir. 2007) (appeal from denial of § 2255 motion)).

[7]

"[A]n order denying a certificate of appealability is not appealable." *Torres v. Davis*, 2009 WL 613550, *4 n.5 (W.D. Mich. Mar. 9, 2009) (Maloney, C.J.) (citing, *inter alia*, *Sims v. US*, 244 F.3d 509, 509 (6th Cir. 2001), *followed by Crowley v. Renico*, 81 F. App'x 36, 37 (6th Cir. 2003) and *US v. Badru*, 2008 WL 1683113, *1 (D.C. Cir. July 27, 2004) (p.c.) (Rogers, Tatel, John Roberts)). However, this order does not prevent the plaintiff from seeking a COA from the Sixth Circuit under FED. R. APP. P. 22.